IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:17-cv-00022-RLV
(5:13-cr-00053-RLV-DCK-4)

| STEPHEN FRANKLIN WOOD, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) | **ORDER** |
| UNITED STATES OF AMERICA, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

**THIS MATTER** is before the Court on consideration of Petitioner's pro se Motion to Vacate, Set Aside or Correct Sentence, which is filed pursuant to 28 U.S.C. § 2255. (Doc. No. 1). For the reasons that follow, Petitioner's § 2255 Motion to Vacate will be dismissed.

I.   BACKGROUND

On June 19, 2013, Petitioner was indicted on one count of conspiracy to possess with intent to manufacture and distribute a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) (Count 1); one count of the possession of pseudoephedrine, in violation of 21 U.S.C. §§ 841(c)(2) and 802(34)(K) (Count 2); three counts of possession of materials to produce methamphetamine and aiding and abetting the same, all in violation of 21 U.S.C. §§ 843(a)(6) and (d)(2) and 18 U.S.C. § 2 (Counts 10, 12, and 15); and three counts for maintaining a drug-involved premises and aiding and abetting the same, in violation of 21

1

U.S.C. §§ 856(a)(1) and 18 U.S.C. § 2 (Counts 11, 13 and 14). (5:13-cr-00053, Doc. No. 3: Bill of Indictment).

Petitioner entered into a plea agreement with the Government, agreeing to plead guilty to Count One in exchange for the dismissal of the remaining counts in his bill of indictment. In the agreement, Petitioner acknowledged the amount of methamphetamine that was known to or reasonably foreseeable to him in the conspiracy was more than 150 grams but less 1.5 kilograms of actual methamphetamine. The parties further agreed that either party could seek a departure or variance from the calculated Guidelines range pursuant to § 5C1.1 of the U.S. Sentencing Guidelines Manual (USSG) (2014). (Id., Doc. No. 239: Plea Agreement).

On June 19, 2014, Petitioner appeared with counsel before U.S. Magistrate Judge David Kessler for his Plea and Rule 11 hearing and he was placed under oath. The elements of Count One were explained to him along with the maximum penalties, and he averred that he understood the charge and he admitted that he was in fact guilty of the charged conduct. Petitioner also averred that he understood and agreed with the contents of his plea agreement, which included his decision to waive his right to contest his conviction or sentence on direct appeal or in a collateral proceeding, except through claims of prosecutorial misconduct and ineffective assistance of counsel. Petitioner swore that he had discussed how the Guidelines might apply to his sentence with his attorney; that he was satisfied with the services of his attorney; and that no one had promised him anything or coerced him regarding his decision to enter into the plea agreement and plead guilty. After answering these questions, Petitioner and his counsel examined the

Acceptance and Entry of Guilty Plea form wherein the court had written down each of his responses to the questions posed during the hearing, and Petitioner signed the form acknowledging under oath that his answers were true. Petitioner's guilty plea was accepted after the court found that it was knowing and voluntary and his case was referred to the U.S. Probation Office for preparation of the presentence report. (Id., Doc. No. 241: Acceptance and Entry of Guilty Plea; Doc. No. 428: Tr. of Plea and Rule 11 Hr'g).

In calculating Petitioner's Guidelines range, the probation officer began with a base offense level of 34 based upon the stipulated weight of actual methamphetamine contained in the plea agreement, and she applied a two-level enhancement because Petitioner maintained a residence for distributing methamphetamine. See USSG § 2D1.1(b)(12). A three-level enhancement was applied because Petitioner's method of producing methamphetamine created a substantial risk of harm, see id. § 2D1.1(b)(13)(C)(ii), and a further three-levels were added because Petitioner appeared to qualify as a manager or supervisor in the drug conspiracy. See USSG § 3B1.1(b).

After a three-level reduction for acceptance of responsibility, Petitioner's Guideline range was 360 months to life imprisonment based on a total offense level of 39 and a criminal history category of VI. After examining the draft of the presentence report, Petitioner filed several objections: (1) Petitioner did not qualify as a manager or supervisor in the conspiracy; (2) Petitioner did not maintain a premises for manufacturing or distributing methamphetamine; and (3) Petitioner's method of producing methamphetamine did not create a substantial risk of harm. The probation officer

concluded that each of these objections were without merit.

On July 6, 2015, Petitioner appeared for his sentencing hearing and at the outset the Court confirmed that his guilty plea was knowing and voluntary after addressing Petitioner and reviewing the Rule 11 proceedings. The parties then stipulated there was a factual basis for the plea and the plea was accepted.[1] The parties further stipulated that the two-level enhancement for maintaining a premises in paragraph 21 of the presentence report should not apply, nor should the three-level enhancement for being a manager or supervisor in the conspiracy that was contained in paragraph 24. Petitioner withdrew his objection to the three-level enhancement for creating a substantial risk of harm during the production of methamphetamine in paragraph 22. (Id., Sentencing Tr. at 5-6). The Court accepted the parties' stipulations and with these adjustments, Petitioner's total offense level was reduced to 34 resulting in an amended Guidelines range of 262-327 months' imprisonment. After hearing from defense counsel, the Government, and Petitioner's mother and son, the Court considered the thoughtful and remorseful allocution of Petitioner and found that a departure to a total offense level of 29 was appropriate and Petitioner was sentenced to a term of 170-months' imprisonment. (Id., Doc. No. 415: Judgment; Doc. No. 416: Statement of Reasons). Petitioner's conviction and sentence were affirmed on appeal. See United States v. Wood, 649 F. App'x 311 (4th Cir. 2016) (unpublished).

In this collateral proceeding, Petitioner raises four claims of ineffective assistance

---

[1] Petitioner stipulated to the factual basis with the lone objection that he did not obtain pseudoephedrine for Arnold Billings and he did not enlist other individuals to obtain pseudoephedrine for him. (Id., Doc. No. 385: Presentence Report ¶ 12; Doc. No. 429: Sentencing Tr. at 3).

of counsel that will be examined herein.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the effective assistance of counsel to assist in his defense. U.S. Const. amend. VI. In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) the deficient performance was prejudicial to the defense. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In measuring counsel's performance, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. . ." Id. at 689. A petitioner seeking post-conviction relief based on ineffective assistance of bears a "heavy burden in overcoming this presumption." Carpenter v. United States, 720 F.2d 546, 548 (8th Cir. 1983). Conclusory allegations do not overcome the presumption of competency. Id.

To demonstrate prejudice in the context of a guilty plea, a Petitioner must demonstrate "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Petitioner "bears the burden of proving Strickland prejudice." Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992) (citing Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983), cert. denied, 464 U.S. 1065 (1984)). If Petitioner fails to meet this burden, "a reviewing court need not consider the performance prong." Fields, 956 F.2d at 1297 (citing Strickland, 466 U.S. at 697). In considering the prejudice prong of the analysis, the Court must not grant relief solely because Petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been different. See Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998). Rather, the Court "can only grant relief under the second prong of Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id. (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)).

    1.    Ground One

Petitioner first contends his counsel was ineffective in failing to investigate the purity and weight of the methamphetamine for which he was found responsible. (5:17-cv-00022, Doc. No. 1-1: Petitioner's Mem. at 8). This argument is without merit.

During Petitioner's Plea and Rule 11 hearing the Government summarized the terms of the plea agreement, and Petitioner averred that he had reviewed the terms of the agreement with his attorney and that he understood and agreed with each of the terms of his plea agreement. Critical to Petitioner's argument here, this included his admission that

6

<u>actual</u> methamphetamine was involved in the conspiracy and it was known to or reasonably foreseeable to him that more than 150 grams but less than 1.5 kilograms of actual methamphetamine was involved. (5:13-cr-00053, Doc. No. 428: Tr. of Plea and Rule Hr'g at 12). In addition, Petitioner averred during his Rule 11 hearing that he had reviewed the contents of the Factual Basis that was filed along with his plea agreement, and that he agreed with its terms, which included his stipulation that it was known or reasonably foreseeable to him that there was more than 150 grams but less 1.5 kilograms of <u>actual</u> methamphetamine involved in the conspiracy. (<u>Id.</u> at 13; Doc. No. 240: Factual Basis ¶ 6).

Petitioner's argument here is veritably just a challenge to the knowing and voluntary nature of his guilty plea. It is well-settled that a petitioner is bound by his sworn statements that he makes during a properly conducted Rule 11 hearing and as this Court found during sentencing, and reaffirms herein, Petitioner's Rule 11 hearing was properly conducted. Therefore his present challenge must fail. <u>See, e.g.</u>, <u>Blackledge v. Allison</u>, 431 U.S. 63, 73-74 (1977) ("For the representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity."); <u>United States v. Lemaster</u>, 403 F.3d 216, 221 (4th Cir. 2005).

For the reasons stated, this argument is overruled.

    2.    Ground Two

Petitioner next contends that his counsel was ineffective because he failed to

investigate or challenge his sentencing enhancement for assuming a leadership role in the conspiracy. (Petitioner's Mem. at 14-15). Petitioner is correct that in the presentence report the probation officer recommended that a three-level enhancement should apply for his role as a manager or supervisor in the drug conspiracy; however the parties stipulated during sentencing that this three-level enhancement should not apply and the Court accepted this stipulation. (Statement of Reasons at 1; Sentencing Tr. at 5-6).

For these reasons, this claim will be denied.

### 3. Ground Three

Here, Petitioner argues that his counsel was ineffective in failing to present a vigorous challenge to the three-level enhancement for the substantial risk of harm he created in producing methamphetamine. See USSG § 2D1.1(b)(13)(C)(ii). (Petitioner's Mem. at 18). Petitioner's counsel did file an objection to the application of this enhancement, but he later withdrew the objection during sentencing after conceding that the enhancement was applicable. Furthermore, the decision to withdraw the objection was driven, in part, by the parties' agreement that the two-level enhancement for maintaining a premises for the production of methamphetamine and the three-level enhancement for Petitioner's role as a manager or supervisor should be withdrawn. This stipulation reduced Petitioner's total offense level to 34 thereby reducing his Guidelines range from 360 months to life imprisonment to 262 to 327 months in prison.

In sum, the Court finds the evidence in the presentence report to which Petitioner stipulated supported the enhancement. Thus, Petitioner's counsel, in conceding this fact, was not ineffective in securing the withdrawal of the other two enhancements.

8

4. Ground Four

In his final claim, Petitioner contends his counsel was ineffective in failing to offer "evidence for extraordinary responsibility." (Petitioner's Mem. at 21). This argument is plainly belied by the record.

The Court notes that his counsel filed a thorough sentencing memorandum which included attached letters from his mother and father, and a letter from a sometime employer that owned a plumbing company and praised Petitioner's work ethic and his demeanor on the job. During sentencing, counsel also drew attention to his mother, father and son who were present in the courtroom and offered oral statements from both his mother and son on his behalf. Finally, Petitioner's counsel offered an impassioned plea for a sentence closer to the mandatory minimum term of 10-years in prison and thus well below his Guidelines range. Petitioner was sentenced to 170-months which is roughly 65% of the low end of his Guidelines range.

Based on the foregoing, the Court finds that Petitioner has failed to carry his burden of proving either deficient performance or prejudice. Accordingly, this final claim will be dismissed.

## IV. CONCLUSION

For the reasons discussed herein, the Court finds that Petitioner's § 2255 motion is without merit and it will be dismissed.

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 Motion to Vacate is **DENIED** and **DISMISSED WITH PREJUDICE**. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules

Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk of Court is respectfully directed to close this civil case.

**SO ORDERED.**

Signed: February 3, 2017

Richard L. Voorhees
United States District Judge